■ CARL M. HYDE, Plaintiff, v. JOHNSON CITY PLUMBING Co. INC., Defendant and Third-Party Plaintiff-Appellant. SECURITY MUTUAL LIFE INSURANCE COMPANY, Third-Party Defendant-Respondent.— Appeal from an order of a Special Term, Supreme Court, Broome County. Plaintiff, employed by the third-party defendant Security Mutual Life Insurance Company, sues the third-party plaintiff Johnson City Plumbing Co. for injuries due to negligence in the

course of work in the building of the insurance company. The complaint alleges in substance that the plumbing company's employees carelessly allowed a ceiling pipe on which they were working to fall and strike plaintiff. The third-party complaint of the plumbing company against the insurance company alleges that the insurance company agreed to undertake control and supervision of all the work done in the building and "to supervise, direct and correlate" all the "work phases" and hence, if any liability were imposed on the plumbing company it passed on to the insurance company. The third-party complaint is not a statement of a good cause of liability over. If liability for negligence is imposed on one party because his employees have been negligent, it cannot be passed on to another party who agreed to supervise the work of these employees on the theory that the direct employer has been merely "passively" negligent while the supervisor has been "actively" negligent. The theory of active-passive negligence has not gone thus far in the New York law. We do not reach the question that might arise if such supervision and control of a party's employees is accompanied by an unequivocal undertaking of indemnification. No such undertaking is here pleaded. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.